335 P.2d 410

George H. SEEGMILLER, Plaintiff and Respondent,

v.

William W. SEEGMILLER, Defendant and Appellant.

No. 8916.

Supreme Court of Utah.

Feb. 18, 1959.

Patrick H. Fenton, Cedar City, for appellant.

Ellis J. Pickett, St. George, for respondent.

HENRIOD, Justice.

Appeal from the denial of a motion to dismiss on grounds that the cause of action is barred by the limitations statute.[1]  Af-

1. Title 78–12–13, Utah Code Anno.1953.

firmed in part and modified in part. No costs awarded.

On February 25, 1949, for $400, defendant in writing released any claim he might have to graze cattle on a certain parcel of land tentatively being acquired by St. George City for airport purposes. He agreed that the license issued to him by the U. S. Department of the Interior might be modified to that extent, further agreeing that *"if the Grazing Service requires the signing of Form Gr. S. 62* in order to complete the transfer of the grazing privileges herein referred to from the undersigned to George Seegmiller or the City of St. George, whoever succeeds to the grazing privileges on the area herein described, that *the undersigned will sign said Form Gr. S. 62."* (Italics ours.)

Plaintiff had continuous possession of the property from the time of the release until 1956, when defendant built a fence along one side making it impossible for plaintiff to further drive his stock to water, requiring that he construct a new route, and inviting this litigation.

Although the complaint alleged and the court found that demand had been made upon defendant by plaintiff and also the City Attorney of St. George in 1949, that defendant sign the necessary form, defendant has not done so. There was no showing made that the Grazing Service ever required the execution of any such forms. Defendant affirmatively alleged in his answer that "the Grazing Service has never requested the signing of Form Gr. S. 62."

Under such circumstances it is difficult to understand how any limitations statute could be invoked unless and until such requirement by the Grazing Service was manifested in some way, followed by the passage of the period of limitations before suit filed.

It is equally difficult to sustain the order requiring defendant to execute any form unless and until the Grazing Service requires such act to be done, since the release conditioned such execution upon such requirement by the Grazing Service, not by the plaintiff or St. George.

The case is remanded with instructions to modify Par. 2 of the judgment so that defendant shall be ordered to sign Form Gr. S. 62 if the Grazing Service requires the signing of Form Gr. S. 62,—or any other numbered form that would accomplish the same purpose had there been an execution of Form Gr. S. 62 as was available and constituted in 1949. The judgment otherwise is affirmed.

CROCKETT, C. J., and WORTHEN, WADE and McDONOUGH, JJ., concur.